AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Lawston Leroy INGRAHAM,<br>a.k.a. "Lawfton Leroy INGRHAM,"<br><br>Defendant(s) | ) ) ) ) Case No.<br>) ) 14-8175-WM<br>) )<br>) ) |

FILED by ___ D.C.
APR 29 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 7, 2014__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2237(a)(1) | Failure to heave |

This criminal complaint is based on these facts:

Please see the affidavit of Homeland Security Investigations ("HSI") Special Agent David R. Malone, which is attached hereto and incorporated fully herein by reference.

☑ Continued on the attached sheet.

_____
Complainant's signature

David R. Malone, Special Agent, HSI
Printed name and title

Sworn to before me and signed in my presence.

Date: 04/29/2014

_____
Judge's signature

City and state: West Palm Beach, Florida     Hon. William Matthewman, U.S. Magistrate Judge
Printed name and title

Case No. 14-8175-WM

## APPLICATION IN SUPPORT OF CRIMINAL COMPLAINT

I, David R. Malone, being duly sworn, depose and state:

1. I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI"), and have been so employed for nearly ten years. Prior to federal employment, I worked for the Town of Jupiter (Florida) Police Department for a period of eight-and-a-half years, serving in the capacity of a police officer, traffic homicide investigator, and police Sergeant. Among my responsibilities as a Special Agent are investigating crimes against the United States, as more fully described in Titles 18 and 21 of the United States Code.

2. The facts set forth in this affidavit are based on my personal knowledge; information obtained in this investigation from others, including other law enforcement officers; my review of documents, videos, and computer records related to this investigation; and information gained through training and experience. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support a Criminal Complaint, I have not included each and every fact known to me and law enforcement concerning this investigation, but have set forth only those facts necessary to establish probable cause to believe that on or about April 7, 2014, Lawston Leroy INGRAHAM, a.k.a. "Lawfton Leroy INGRHAM," a Bahamian national and citizen, committed the crime of failure to heave, in violation of 18 U.S.C. § 2237(a)(1).

## PROBABLE CAUSE

3. On April 6, 2014, a U.S. Customs and Border Protection ("CBP"), Office of Air and Marine, DHC-8 Maritime Patrol Aircraft (hereinafter referred to as "DHC-8") was observing the maritime traffic between the Bahamas and the East Coast of Florida.

4. On this same date, at approximately 11:40 PM, the DHC-8 observed a small skiff-type vessel (hereinafter referred to as "the target vessel") approximately 14 nautical miles east of the Jupiter, Florida Inlet, traveling west at approximately 17 knots. The target vessel had no navigational lights energized, with three persons on board. The target vessel's location and direction of travel was relayed to CBP Marine assets for further investigation.

5. The CBP DCH-8 vectored the CBP police interceptor vessel (hereinafter referred to as "M785") to a location approximately six nautical miles east of the Jupiter, Florida Inlet. The police vessel is a 40-foot law enforcement outfitted vessel, with visible police markings down the outside of the port and starboard hull, visible blue law enforcement emergency lights, and an audible police siren. The crew of the M785 consisted of three sworn federal law enforcement officers (Marine Interdiction Agents).

6. The Marine Interdiction Agents ("MIA") observed the target vessel approach their location at approximately 15 knots, traveling in a westerly direction, with no navigational lights illuminated. Three persons were observed on board.

7. M785 moved into a tactical position, and energized their navigational lights, emergency blue lights, siren, and spot light in the attempt to hail the target vessel for an investigative stop. Upon turning around and seeing M785's emergency lights and hearing the audible siren, the captain of the target vessel, later identified as Lawston Leroy INGRAHAM, began to operate the target vessel in an erratic manner. INGRAHAM increased the vessel's speed and would make sharp turns to thwart M785's advancements.

8. Due to INGRAHAM's failure to heave, law enforcement deployed two visible warning rounds in front of the target vessel (in INGRAHAM's field of vision) in an attempt to signal the vessel to stop. The two other individuals on board the target vessel then started to

jettison items from a large blue container overboard into the open ocean. M785 deployed one disabling round into the target vessel's outboard motor, causing the target vessel to become dead in the water at approximately 12:30 AM on April 7, 2014.

9. INGRAHAM remained the operator of the target vessel throughout the pursuit, and was attempting to restart the vessel upon M785's approach. M785's vessel commander observed INGRAHAM throw a handheld GPS into the open ocean.

10. An inspection of the target vessel resulted in the following:

   a. no registration or identifying markings to show ownership or country of origin,

   b. two installed fuel tanks, with an additional two 15 gallon fuel drums on the deck of the vessel, and

   c. obscured navigational instruments to limit visibility.

11. On April 7, 2014, at approximately 4:52 AM, I interviewed INGRAHAM at the U.S. Border Patrol Station located in Riviera Beach, Florida. INGRAHAM was able to read, write, and speak the English language, with no communication barriers. Prior to beginning the interview, I read INGRAHAM his *Miranda* warnings via a pre-printed form, stopping after each line to ask if he understood what was read to him. INGRAHAM answered in the affirmative each time. I then provided INGRAHAM the *Miranda* warnings form and asked that he read each line, and if he understood what he read, to initial next to each line. INGRAHAM initialed each line. I then asked INGRAHAM if he understood his *Miranda* rights. INGRAHAM answered in the affirmative. INGRAHAM waived his rights and elected to speak with the interviewing agents.

12. During a post-*Miranda* statement, INGRAHAM told me that he was the operator of the target vessel at the time of the pursuit. He saw the emergency lights of the police vessel and did not stop because he was afraid they were going to be robbed.

13. I questioned INGRAHAM on what was thrown overboard during the pursuit. INGRAHAM initially acted like he didn't know what I was talking about. I reminded INGRAHAM that the event (the pursuit) was recorded via a CBP airplane. INGRAHAM then stated that it was fish and fishing gear. He advised that he is a fisherman and musician, and that he "makes money on the sea fishing and diving."

14. Based upon the foregoing, I submit that there is probable cause to believe that on or about April 7, 2014, Lawston Leroy INGRAHAM did knowingly and intentionally violate Title 18 U.S.C. § 2237(a)(1), that is, being the master, operator, and person in charge of a vessel subject to the jurisdiction of the United States, INGRAHAM did knowingly fail to obey an order by an authorized Federal law enforcement officer to heave to that vessel.

_____
DAVID R. MALONE
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Subscribed and sworn to me this
the 29th day of April, 2014.

_____
HON. WILLIAM MATTHEWMAN
U.S. MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Misc. No. 14-8175-WM

UNITED STATES OF AMERICA

v.

Lawston Leroy INGRAHAM,
    a.k.a. "Lawfton Leroy INGRHAM,"

        Defendant.
_____/

CRIMINAL COVER SHEET

1.  Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes   __X__ No

2.  Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes   __X__ No

                            Respectfully submitted,

                            WIFREDO A. FERRER
                            UNITED STATES ATTORNEY

              BY:   _____
                            ALEXANDRA HUI
                            ASSISTANT UNITED STATES ATTORNEY
                            District Court No. A5501746
                            500 South Australian Avenue, Suite 400
                            West Palm Beach, Florida 33401
                            Tel: (561) 209-1011
                            Fax: (561) 659-4526
                            alexandra.hui@usdoj.gov